IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PEGGY S. MAKI, | ) | CIVIL NO. 07-00588 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | DEPARTMENT OF PUBLIC |
| vs. | ) | SAFETY'S MOTION FOR |
| | ) | SUMMARY JUDGMENT OR IN |
| DEPARTMENT OF PUBLIC | ) | THE ALTERNATIVE MOTION TO |
| SAFETY - STATE OF HAWAII, VIT | ) | DISMISS |
| U. PATEL, WESLEY K. MUN, DOE | ) | |
| DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING DEFENDANT DEPARTMENT OF PUBLIC SAFETY'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Peggy S. Maki ("Plaintiff") worked as a Clinical Psychologist VI at the Halawa Correctional Facility, Mental Health Unit ("Halawa"), and alleges that her employer at the time, Defendant Department of Public Safety, State of Hawaii ("DPS"), allowed a hostile work environment and then retaliated against her after she complained. Plaintiff currently alleges two claims against DPS: (1) hostile and/or sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and

(2) retaliation in violation of Title VII.

Currently before the court is DPS's Motion for Summary Judgment or in the Alternative Motion to Dismiss ("DPS's Motion") in which it argues, among other things, that Plaintiff's Title VII claims should be dismissed as untimely. Based on the following, the court agrees and GRANTS DPS's Motion.

## II. BACKGROUND

**A.     Factual Background**

   *1.     Plaintiff's Allegations*

Plaintiff asserts that during her employment at Halawa, DPS allowed a hostile work environment and then retaliated against her after she complained. In brief,[1] Plaintiff asserts that her supervisor Vit U. Patel ("Patel") criticized the psychology profession, Compl. ¶¶ 23-24; demeaned her by writing inappropriate comments about her treatment in inmates' charts, *id.* ¶¶ 25-26, 28, 66-68; and harassed her through notes and memorandums. *Id*. ¶¶ 30-35, 42.

In July 2004, Plaintiff complained to Wesley K. Mun ("Mun"), Patel's supervisor and the Health Care Division Administrator, about Patel's conduct. *Id.* ¶ 39. Rather than address Plaintiff's complaints, Mun allegedly retaliated against

---

[1] Because the court finds that Plaintiff's claims are barred by the statute of limitations, the court provides only an overview regarding Plaintiff's allegations.

her. *Id.* ¶ 83. Specifically, on December 21, 2004, Mun ordered Plaintiff to (1) immediately stop practicing psychology within the Halawa facility; (2) refrain from contacting her patients; (3) refrain from discussing the mental health status of the inmates with anyone except certain personnel; and (4) submit all of her files and case notes to Mun for review. *Id.* ¶¶ 73-75. Plaintiff subsequently accepted paid administrative leave from December 22, 2004 through January 2, 2005, and upon return, she was assigned non-psychology related duties. *Id*. ¶¶ 84, 90.

### 2.    *Plaintiff's Early Attempts to Pursue Her Claims*

On January 5, 2005, Plaintiff filed a complaint with the Hawaii Civil Rights Commission ("HCRC"), alleging sexual harassment against DPS. On April 11, 2005, the HCRC issued Plaintiff a Notice of Dismissal and Right to Sue. *Id*. ¶¶ 69-70; DPS Ex. 9. Plaintiff also apparently filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), because she received a May 20, 2005 notice that the EEOC was closing its file and that she had ninety days to bring a civil action. DPS Ex. 12.

On July 5, 2005, Plaintiff filed a pro se complaint in the District of Hawaii, alleging employment discrimination against DPS. *See* Pl. Ex. D. On July 28, 2005, the court dismissed the complaint for failure to comply with Federal Rule of Civil Procedure 8(a) requiring "a short and plain statement of the claim showing

that the pleader is entitled to relief." Pl. Ex. E at 4. The July 28, 2005 Order explained that dismissal was without prejudice, meaning that Plaintiff "may opt to file a new complaint that provides sufficient factual allegations to place Defendant on notice as to the basis of her complaint." *Id.* at 5.

**B.     Procedural Background**

On December 3, 2007, Plaintiff filed her Complaint against DPS, Mun, and Patel, alleging claims for violation of Title VII and various state law claims.

On March 3, 2010, DPS, Mun, and Patel filed Motions for Summary Judgment. On April 12, 2010, Plaintiff filed Oppositions, and on April 22, 2010, Defendants filed Replies. Pursuant to a request by the court, Plaintiff filed a statement on May 6, 2010 confirming that she was no longer pursuing any state law claims against any Defendants. Accordingly, the court GRANTS Mun and Patel's Motion for Summary Judgment and GRANTS DPS's Motion for Summary Judgment as it relates to Plaintiff's state law claims. Remaining in this action are only Plaintiff's Title VII claims against DPS. Pursuant to Local Rule 7.2(d), the court finds DPS's Motion for Summary Judgment suitable for disposition without a hearing.

### III. **STANDARD OF REVIEW**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden initially lies with the moving party to show that there is no genuine issue of material fact. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323). If the moving party carries its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.  DISCUSSION

DPS argues, among other things, that Plaintiff's Title VII claims are time-barred because Plaintiff did not file this action within the requisite ninety days of receiving the EEOC right-to-sue letter on May 20, 2005.

"Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action." *Payan v. Aramark Mgmt. Servs.*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing 42 U.S.C. § 2000e-5(f)(1)).  It is well-settled that this ninety-day period acts as a limitations period, and a failure to file suit within this time period bars the action.  *Id.*; *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997); *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992).

Plaintiff commenced this action on December 12, 2007, well past the expiration of the ninety-day period after receiving the right-to-sue letter on May 20, 2005.  Accordingly, Plaintiff's Title VII claims appear to be time-barred.

In opposition, Plaintiff asserts that her action is timely because it "relates back" to her previous federal action, which was timely filed on July 5, 2005.  In that action, Plaintiff's complaint failed the basic requirements of notice pleading and was dismissed without prejudice.  Pl. Ex. E.  Plaintiff's argument is

meritless.

Rule 15(c) allows for an amendment of a pleading to relate back to the date of the original pleading in certain circumstances. Those circumstances, however, do not exist here -- a "second complaint does not 'relate back' to [a] first complaint because [the] second complaint was not an "amendment" to [the] first complaint, but rather a separate filing." *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006) (per curiam);[2] *see also Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001) (noting that a dismissal without prejudice leaves the plaintiff "in the same situation as if [the] first suit had never been filed" for purposes of Rule 15(c)); *Bailey v. N. Ind. Public Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading. Because the simulator claim was not contained in an amended pleading in Suit 1 but in a second, separate complaint, Rule 15(c) is inapplicable."); *see also Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment . . . ." (citation and quotation signals omitted)).

---

[2] *O'Donnell* further explains that the timely filing of an initial (but later dismissed) complaint does not toll or suspend Title VII's ninety-day statute of limitations. *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006).

n/a
n/a

The July 28, 2005 Order dismissing Plaintiff's earlier action put Plaintiff on notice that the dismissal was without prejudice, meaning that Plaintiff "may opt to file a new complaint that provides sufficient factual allegations to place Defendant on notice as to the basis of her complaint."  Pl. Ex. E at 5.  This dismissal was still well within the ninety-day time period for Plaintiff to file another civil action -- the right to sue letter was dated May 20, 2005, giving Plaintiff until August 18, 2005 to file a second action.  Rather than file a new action within this time period, Plaintiff waited over two years to bring this action.  Rule 15(c) does not apply to such facts.

The cases cited by Plaintiff do not suggest a contrary result -- rather, they all address the situation where a plaintiff files an amended complaint in an action and that amended complaint relates back to original complaint filed in that same action.  *See Landry v. Green Tree Fin. Corp. of Ala.*, 2010 WL 1445530 at *3 (S.D. Miss. Apr. 8, 2010) (finding that claims asserted in amended complaint relate back to claims in original complaint filed in same action); *U.S. ex rel. Small Bus. Admin. v. Commercial Tech., Inc.*, 354 F.3d 378, 387-88 (5th Cir. 2003) (finding that defendant's statute of limitations argument is without merit because the government's original second amended complaint related back to complaint filed in same action); *see also Mitchell v. Sur. Acceptance Corp.*, 838 F. Supp. 497, 501

(D. Colo. 1993) (finding that amended complaint related back to original complaint).

Indeed, the only case this court is aware of that allowed a complaint filed in a later action to relate back to an earlier action is *Marcoux v. Shell Oil Prods. Co.*, 524 F.3d 33 (1st Cir. 2008), *aff'd in part and rev'd in part*, *Mac's Shell Serv. v. Shell Oil Prods. Co.*, 130 S. Ct. 1251 (2010). The district court properly allowed the new complaint to relate back in part because in the older action, the court explicitly gave the plaintiff leave to file a new action "which may be deemed to be related" to the original complaint filed in the older action. *Marcoux*, 524 F.3d at 40-41. No such facts exist here. Rather, in the earlier action, the court found that Plaintiff's complaint did not place DPS on notice of her claims and dismissed the action without prejudice. Pl. Ex. E at 4. The court made no reference to a new action relating back to this earlier action, and indeed, given that the Complaint did not fairly give notice of Plaintiff's claims, the relation back doctrine embodied in Rule 15(c) does not apply. *See Immigrant Assistance Project of L.A. County Fed'n of Labor v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (providing that relation back applies when, among other things, "the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff" (quoting *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996))).

Accordingly, the court finds that the Plaintiff's Title VII claims are time-barred and GRANTS DPS's Motion to Dismiss.

## V. CONCLUSION

Based on the above, the court GRANTS DPS's Motion to Dismiss. Because no claims remain in this action, the court directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 7, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Maki v. Pub. Safety, Dep't of Public Safety et al.*, Civ. No. 09-00454 JMS/LEK, Order Granting Defendant Department of Public Safety's Motion for Summary Judgment or in the Alternative Motion to Dismiss